**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-0932-01-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Julio Cesar Feliciano, Jr., | |
| Defendant. | |

Defendant Julio Cesar Feliciano, Jr. is charged with 13 counts of armed bank robbery, firearms offenses, and conspiracy. He has filed a motion to sever the trial on Counts 1-3 from the trial on Counts 4-13. Dkt. #172. The government has filed a response (Dkt. #179) and Defendant has filed a reply (Dkt. #184). The Court heard oral argument on August 4, 2009.

**I.    Background.**

Defendant is alleged to have been part of a group that committed a series of armed bank robberies in the Phoenix metropolitan area during the summer of 2008. Counts 1-3 of the superseding indictment relate to a bank robbery committed on August 12, 2008. Counts 4-13 relate to bank robberies committed on June 17, July 3, July 21, July 24, and August 1, 2008.

Defendant concedes that the evidence against him on Counts 1-3 is overwhelming. Defendant and others were under police surveillance when they committed the robbery on August 12, 2008. They were pursued by law enforcement after the robbery and were arrested

while fleeing from the vehicle in which they had been traveling. Incriminating evidence was found in the vehicle, in Defendant's possession, and in a field through which they fled.

Defendant asserts that the robberies at issue in Counts 4-13 were different. These robberies were committed by a group of individuals wearing wigs, sunglasses, make-up, and long-sleeved shirts. The robbery at issue in Counts 1-3 did not involve the use of wigs; the robbers wore ski masks. Defendant also asserts that eye witness and other identification evidence from the robberies in Counts 4-13 is weak.

Defendant argues that he will be prejudiced if all counts are tried together because the strong evidence on Counts 1-3 will persuade the jury to convict Defendant on Counts 4-13. He therefore seeks separate trials on Counts 1-3 and 4-13.

**II.     Legal Standards.**

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of charges that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Defendant does not dispute that all of the charges in this case are of the same or similar character, nor does he dispute that the government seeks to prove that all of the bank robberies were part of a common scheme or plan. Thus, Defendant does not contend that the charges have been mis-joined under Rule 8.

Rule 14(a) provides for the severance of charges to avoid prejudice to a defendant. Whether to grant such a severance is a matter entrusted to the discretion of the trial judge. *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998). "The test for abuse of discretion by the district court is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *Id.* (citation and quotation omitted). Defendants must carry a "heavy burden" to show that a trial judge abused his discretion in denying a severance of counts. *Id.*

**III.    Analysis.**

Ninth Circuit cases have identified three possible kinds of prejudice that can arise from the joinder of similar charges: (1) the jury may conclude that the defendant must be

- 2 -

guilty to have been charged with so may wrongs, (2) inadmissible proof of one offense may come in through a joined offense, and (3) the defendant may wish to testify on one count but not on others. *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975). Defendant contends that he will suffer the first two kinds of prejudice; he does not contend that he wishes to testify on some counts but not others. The Court concludes that Defendant has not shown the level of prejudice necessary for severance.

### A.     Assumption of guilt from numerous charges.

Careful jury instructions will avoid the risk that the jury may convict Defendant on Counts 4-13 because of the number of pending charges or because the evidence on Counts 1-3 is overwhelming. At Defendant's request, the Court will instruct the jury at the beginning and end of the case that they are to consider each count separately and that they are not to convict Defendant on one count because of their verdict on any other count. The Supreme Court has held that the risk of prejudice posed by joint trials can be cured by proper jury instructions. *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993); *see also Nelson*, 137 F.3d at 1108.

Defendant argues that he "will suffer manifest and substantial prejudice because the jury may consider that the defendant must be bad to have been charged with so many offenses." Dkt. #172 at 3. The Court cannot conclude, however, that a trial of five bank robberies, as Defendant requests, will be significantly less prejudicial than a trial of six bank robberies.

### B.     Jury exposure to inadmissible evidence.

The Court also concludes that a joint trial will not result in the jury being exposed to evidence on Counts 4-13 that would otherwise be inadmissible. A key issue in this case will be the identification of Defendant as a participant in each of the robberies. Evidence from the August 12 robbery will be admissible on this issue for Counts 4-13.

Defendant's participation in the August 12 robbery is virtually undisputed – he was observed by law enforcement preparing for and committing the robbery, and he was arrested while fleeing. Although the disguises used in the August 12 robbery were different from

those used in earlier robberies, the modus operandi within the bank was similar, with some robbers controlling customers and employees while others were taking money. A distinctive shotgun was used in all of the robberies and was recovered from the field where Defendant fled on August 12. Defendant's DNA evidence from a wig used in the July 3 robbery prompted law enforcement officers to begin surveillance of houses where Defendant resided, leading to their eventual observation of the robbery on August 12 and to Defendant's flight and arrest. Moreover, all of the robberies occurred within a three-month period in the Phoenix metropolitan area.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of similar wrongs may be admitted for selected purposes, one of which is to prove "identity." In this circuit, evidence of a defendant's other wrongful act may be admitted under Rule 404(b) if four requirements are satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act, (2) the other act must not be too remote in time, (3) the other act must prove a material fact, and (4) in some cases the other act must be similar to the offense charged. *See United States v. Tsinnijinnie*, 91 F.3d 1285, 1288 (9th Cir. 1996); *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (setting forth four-part test). The August 12 robbery satisfies each of these requirements: (1) Defendant's participation in the August 12 robbery is virtually undisputed; (2) the robbery occurred within weeks of the earlier robberies; (3) the robbery helps prove a highly material fact with respect to Counts 4-13 – Defendant's identity as one of the robbers; and (4) there are many similarities between the August 12 robbery and the earlier crimes – all of the robberies were committed during the summer of 2008 in the Phoenix metropolitan area, by a group of between 2 and 4 individuals, using similar methods within the banks, and a distinctive shotgun which can be seen in video surveillance in the earlier robberies was used in the August 12 robbery and recovered from the field where Defendant fled after the robbery. Moreover, the Court cannot conclude that admission of August 12 robbery would be unfairly prejudicial to Defendant and therefore subject to exclusion under Rule 403.

The Court accordingly concludes that the August 12 robbery would be admissible in evidence even if the trial of Counts 4-13 was severed. Given this conclusion, a denial of severance will not be unduly prejudicial. *See United States v. Quinn*, 18 F.3d 1461, 1466 (9th Cir. 1994); *United States v. Johnson*, 820 F.2d 1065, 1068-71 (9th Cir. 1987); *United States v. Allsup*, 566 F.2d 68, 73 (9th Cir. 1977).

The thrust of Defendant's prejudice argument seems to be that the evidence on Counts 1-3 is strong and the evidence on Counts 4-13 is weak. Numerous courts have held, however, that this is not a basis for severance. *See, e.g., United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008); *United States v. Hang Lee-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006); *United States v. Moyer*, 313 F.3d 1082, 1085 (8th Cir. 2002); *United States v. Manganellis*, 864 F.2d 528, 543 (7th Cir. 1988).

**IT IS ORDERED** that Defendant's motion to sever (Dkt. #172) is **denied**. Excludable delay pursuant to 18 U.S.C. § 3161(h)(8)(A) is found to commence on July 4, 2009 for a total of 33days.

DATED this 5th day of August, 2009.

_____
David G. Campbell
United States District Judge