**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-0932-01 PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Julio Cesar Feliciano, Jr., | |
| Defendants. | |

The government has filed a motion in limine regarding redaction of Defendant's self-serving statements in a videotaped interview. Dkt. #245. Defendant has filed a response. Dkt. #265. For the following reasons, the Court will grant the government's motion.

A defendant's self-serving statements to law enforcement are inadmissible hearsay. As the Ninth Circuit has explained, "self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are not therefore hearsay, *see* Fed. R. Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). If exculpatory statements were admitted at trial, a defendant would be able "to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'" *Id.* (quoting *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1998)). The rule of completeness found in Federal Rule of Evidence 106 does not compel admission of otherwise inadmissible hearsay evidence. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

1   The government has proposed a number of redactions from Defendant's videotaped
2   interview. In response, Defendant argues that all portions of the interview after Defendant
3   invoked his right to counsel should be excluded from evidence. Defendant identifies this
4   point as page 20, lines 5-11 of the government's transcript. Dkt. #265 at 1. The Court has
5   already ruled, however, that Defendant's statements during the interview are admissible. *See*
6   Dkt. #182. Defendant has provided no basis to revisit that ruling.

7   The government proposes to exclude the portions of the interview from page 18, line
8   26 of the transcript to page 19, line 1. Defendant contends that this statement, in which he
9   asserts that there are two ringleaders of the robbery gang that have not been arrested, should
10  be admitted to make clear that Defendant was offering significant information if the
11  government agreed to make a deal with him. This argument by Defendant, however, does
12  not change the fact that the statement is exculpatory hearsay. The Court agrees that it should
13  be redacted. Other portions of the interview that will be shown to the jury make clear that
14  Defendant was offering to provide substantial information in exchange for favorable
15  treatment.

16  The government proposes to redact the portion of the interview found at page 33, line
17  19, through page 35, line 10. During this portion of the videotape, Defendant's wife, who
18  is in the interview room with Defendant, tells Defendant that she told investigators the truth
19  and that they wanted her to lie. These statements are exculpatory hearsay. Defendant
20  contends that these statements should be admitted so the jury can understand why
21  Defendant's wife is upset. The Court does not agree. In addition to the fact that the
22  proposed redaction includes exculpatory hearsay, earlier statements in the videotape that will
23  be seen by the jury clearly indicate why Sabrina is upset. She asserts at page 32, lines 13-15,
24  for example, that the investigators told her she is facing 25 years in prison. She also asserts,
25  at page 32, lines 20-26, that law enforcement injured her wrist and declined to read her rights
26  when requested. These statements, which the government does not propose to redact, will
27  help the jury understand why Sabrina is upset. The Court does not agree that her exculpatory
28  hearsay statements should be admitted for this purpose.

1    The government proposes to redact statements by Defendant found at page 35, line 2 15 through page 35, line 25 of the transcript, and at page 36, line 27 through page 38, line 3. During these portions of the videotape, Defendant expresses doubt about the evidence shown to him by government investigators and flatly asserts that photographs of the bank robbers are not of himself. He asserts that the government will recognize this fact when they catch other individuals who have not yet been arrested. These statements are clearly exculpatory hearsay. Defendant again contends that they should be admitted to show that Defendant was trying to cooperate and could provide valuable information. That fact, however, will be clear to the jury. For example, Defendant asserts repeatedly at pages 10, 13, and 14 of the transcript – portions of the interview that the government does not propose to redact – that he has information concerning other individuals and their involvement in the robberies that will be valuable to the government. The exculpatory hearsay statements on pages 35 through 38 need not be admitted for this purpose. Because the statements on these pages are clearly exculpatory hearsay, the Court agrees that they should be redacted.

**IT IS ORDERED** that the government's Motion in Limine Regarding Redaction of Defendant's Self-Serving Statements in Videotaped Interview (Dkt. #245) is **granted**. The government may redact from the videotape the material contained at page 18, line 26 through page 19, line 1; page 33, line 19 through page 35, line 10; page 35, line 15 through page 35, line 25; and page 36, line 27 through page 38, line 3.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on September 18, 2009 for a total of 29 days.

DATED this 16th day of October, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge