**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-0932-01 PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Julio Cesar Feliciano, Jr., | |
| Defendants. | |

The government has filed a motion in limine to allow two case agents to sit at counsel table during trial. Dkt. #271. Defendant has filed a response. Dkt. #273. For the reasons that follow, the Court will **grant** the government's motion.

The FBI agent assigned to this case is Special Agent Kevin Killigrew. Defendant agrees that Agent Killigrew may sit at counsel table throughout the trial pursuant to Federal Rule of Evidence 615(2).

The government also requests that Glendale Police Department Detective Mark Lankford be permitted to sit at counsel table throughout the trial. The government notes that Defendant is charged with five armed bank robberies. Two of the five robberies occurred in Glendale, Arizona, and were investigated by the Glendale Police Department ("GPD"). The detective assigned to investigate those robberies was Detective Lankford. The government states that Detective Lankford was also a member of the multi-jurisdictional taskforce assembled in the summer of 2008 to investigate the "Wig Bandits" robberies. Detective Lankford conducted investigations separate from those of Special Agent Killigrew,

and continues to do so in preparation for trial. Detective Lankford conducted photographic line-ups with witnesses who had identified Defendant. Detective Lankford submitted Defendant's DNA for examination following the July 3, 2008 robbery. Detective Lankford was present at interviews that took place before Special Agent Killigrew became the FBI case agent. This included Defendant's free talk in December of 2008. Special Agent Killigrew did not become involved in the robberies until October of 2008. For these reasons, the government asserts that Detective Lankford should be permitted to assist in the presentation of this complex case and that two case agents should be allowed due to the complexity and extent of the evidence that will be at issue during this multi-week trial.

Defendant objects to Detective Lankford's presence throughout the trial, noting that the government opposed Defendant's motion to sever. Defendant asserts that Detective Lankford can replace Special Agent Killigrew at relevant times during the trial, and that Defendant will be prejudiced by having two case agents at counsel table before the jury.

Federal courts have recognized that a case agent for the United States may be present throughout a trial under Rule 615(2). *See United States v. Thomas*, 835 F.2d 219, 223 (9th Cir. 1987). Some courts have held that the government may be allowed more than one case agent at counsel table during trial. *See, e.g., United States v. Jackson*, 60 F.3d 128, 133-34 (2nd Cir. 1995); *United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir. Unit A, 1981).

The Advisory Committee Notes to Rule 615 explain why government agents should be permitted to sit at counsel table during trial under Rule 615(2):

> The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. . . . This problem is solved if it is clear that investigative agents are within the group specified under the second exception made under the rule for "an officer or employee of a party which is not a natural person designated as its representative by its attorney."

Fed. R. Ev. 615, 1974 Adv. Comm. Note.

The Court concludes that the complexity of this case warrants the presence of two case agents at counsel table during trial. Five discrete bank robberies will be at issue.

1  Defendant's involvement in each of the bank robberies must be proved by the government
2  to obtain a conviction on all counts.  The evidence will be complex, including videotapes
3  from the armed robberies, eyewitness identification testimony, DNA evidence, evidence
4  collected from get-away vehicles and the field where Defendant and others ultimately were
5  arrested, potentially testimony from co-defendants, and evidence obtained through search
6  warrants. The robberies span a period of many months. Defendant agrees that Special Agent
7  Killigrew properly acts as the government's representative in this case. Because of Detective
8  Lankford's extensive and separate involvement in the preparation of this case, and his
9  knowledge of many matters that have not been handled by Special Agent Killigrew, the
10 Court concludes, in its discretion, that Detective Lankford should be permitted to sit at
11 counsel table throughout the trial.

12 Defendant contends that the presence of two agents at counsel table will prejudice his
13 defense, but does not explain why.  The Court will have all persons at counsel table
14 introduced to the jury at the beginning of trial.  The Court cannot conclude that the presence
15 of two officers instead of one will cause prejudice to the defense.  If Defendant believes that
16 the presence of two case agents somehow becomes prejudicial during the course of trial, he
17 is free to raise the issue with the Court at that time.  Defendant does not contend that
18 Detective Lankford should be excluded from trial because his testimony will be subject to
19 shaping if he hears other witnesses testify.

20 Given the complex and overlapping nature of the evidence, the Court concludes that
21 it is not practical to have the officers tag-team their participation in the trial, switching places
22 as the evidence changes.  The Court also notes that Special Agent Killigrew will be out of
23 town and not present for some of the trial days.  Detective Lankford's familiarity with the
24 events at trial will be necessary for him to effectively represent the government during
25 Special Agent Killigrew's absence.

26 **IT IS ORDERED** that the government's Motion in Limine to Allow Both of the
27 United States' Case Agents at Counsel Table During Trial (Dkt. #271) is **granted**.
28

1    Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on
2  October 7, 2009 for a total of 10 days.
3    DATED this 16th day of October, 2009.

*David G. Campbell*
United States District Judge